884 F.2d 578
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
C.M. DePREE, Jr., Plaintiff-Appellant,
v.
The UNIVERSITY OF KENTUCKY; et al., Defendants-Appellees.
 Nos. 88-5755, 88-5798.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1989.
 
 Before WELLFORD and RYAN, Circuit Judges and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 C.M. DePree, Jr. appeals from the district court's grant of summary judgment to the University of Kentucky and all other defendants in this action precipitated by a failing grade on a graduate school accounting examination. For the following reasons, we affirm the district court's judgment.
 
 I.
 
 2
 In the fall of 1984, DePree was an accounting major in the University of Kentucky's Doctor of Business Administration (DBA) program. One requirement of this program is the successful completion of a comprehensive examination of the student's major subject area, which consists of both written and oral portions. DePree elected to sit for the written portion of the examination on September 1-2, 1984. He was one of eight students who sat for the examination at that time.
 
 
 3
 On September 17, 1984, appellee Dillon, the DBA coordinator for accounting, advised DePree that he had performed unsatisfactorily on the written portion of the examination. Three other students (for a total of fifty percent) also performed unsatisfactorily.
 
 
 4
 DePree met with members of the Doctoral Examination Committee one week later to discuss remedial action. At this meeting, DePree was informed of his right to sit for the oral portion of the examination, but he was not advised to do so at that time. The three other similarly situated students elected not to proceed immediately with the oral portion.
 
 
 5
 On the next day, DePree met with Dillon. At the conclusion of the meeting, appellant hand delivered a three-page letter requesting that his examination results be set aside and that he be permitted to pursue his dissertation, the next step in the doctoral process. An eight-page letter dated September 27, 1984, written among his attorneys, a copy of which was sent to the university president, stated that "the prejudice within the department was and is so pervasive that there are no circumstances under which our client would be permitted to pass a qualifying examination. Therefore, at a minimum he cannot be compelled to retake these examinations as it is an exercise in futility and constitutes only a further stigma on his good name and reputation in the community."
 
 
 6
 On October 5, 1984, appellees Reedy and Royster sent DePree a proposal which would, among other things, allow appellant to retake the examination from a revised Advisory Committee. Appellant submitted a counter-proposal on October 8. On October 9, Royster presented a three-option second counter-proposal. Option I proposed that appellant sit for the oral portion of the examination as he had been advised he could do. Option II proposed that his original written portion be submitted to outside evaluators. Option III was essentially the proposal made to appellant on October 5.
 
 
 7
 Apparently, appellant rejected each of these options, because he filed the action in the instant case one week later on October 17. An order filed on November 14, 1984 indicates that by agreement of the parties no final grade for the examination would be entered and that the status quo with regard to appellant's status would not otherwise be disturbed pending the outcome of the litigation. This order was clarified in a second order filed on June 4, 1985. The second order also directed appellees to construct an examination for appellant to take. Appellant took and passed the examination when it was administered to him the second time, and he has since completed the doctoral program, but he has continued to pursue this litigation.
 
 
 8
 The multi-count complaint contained several claims each of which was eventually decided in favor of appellees on summary judgment.
 
 
 9
 DePree, pro se, filed this timely appeal. He raises only issues relating to his due process and first amendment claims and issues relating to alleged attorney misconduct. We must decide whether the district court erred in granting appellees' motion for summary judgment.
 
 II.
 
 10
 The general standard an appellate court applies in reviewing a grant of summary judgment is the same as the district court employs initially under Federal Rule of Civil Procedure 56(c). Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987); 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure Sec. 2716 (1983). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett 477 U.S. 317, 325 (1986). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." Gutierrez, 826 F.2d at 1536.
 
 A.
 
 11
 First, appellant argues that he was dismissed or constructively dismissed from the university in violation of due process. We reject this argument.
 
 
 12
 We will assume, as did the district court, that DePree has an interest in continued enrollment which is subject to due process protection. We hold, as did the district court, however, that as a matter of law appellees did not deprive appellant of this interest. Appellant remained officially enrolled in the university until his graduation. By appellant's own admission, he "remained in school." Like the district court, we hold that there is no genuine issue of material fact regarding whether appellant was actually dismissed. Therefore, we hold that appellant suffered no due process violation.
 
 B.
 
 13
 Second, appellant argues that the university denied him free speech on a matter of public concern in violation of the first amendment. We reject this argument.
 
 
 14
 We agree with the district court that DePree's first amendment claim is controlled by Connick v. Myers, 461 U.S. 138 (1983). See, e.g., Johnson v. Lincoln University, 776 F.2d 443 (3d Cir.1985). Unlike the district court, however, we are willing to assume that appellant's speech, at least to the extent that he challenged the testing and grading procedures and not simply his own grade, touched upon matters of public concern. Cf. id. at 452 (stating that questions of academic standards are of apparent interest to the community). Appellant's claim fails not because his speech was not public, but rather because it was not denied. We find no evidence in the record to support appellant's claim that he was punished in retaliation for protected speech. The University and its officials, in fact, gave appellant every reasonable consideration as to his complaints.
 
 C.
 
 15
 Finally, appellant argues that the district court abused its discretion in refusing to sanction appellees' attorneys. We disagree.
 
 
 16
 The district court's judgment is AFFIRMED. Judge Wellford concurs but would assess double costs against DePree for an essentially frivolous and meritless appeal.